JOHN W. MURPHY v. CITY OF ROCHESTER.

250 N. W. 2d 845.

February 4, 1977—No. 46457.

*Gerald H. Swanson,* City Attorney, for relator.

PER CURIAM.

The employer seeks review of a decision of the Workers' Compensation Board awarding the employee benefits for permanent and total disability. The salient issue on appeal is whether there is substantial evidence in the record as a whole to support the board's findings. We affirm.

The employee began working for the city of Rochester in 1960 in the sanitation department. After sustaining an injury to his right shoulder in 1967, he was assigned to the parking meter department, then a subdivision of the police department. During this succeeding period he also worked weekend relief at the city scales. While on the job at this location, he again injured his right shoulder on May 15, 1970. After recuperating from the second injury, he returned to the meter department where he worked until taking a medical leave of absence in December 1972. He did not return to work after the termination of this leave of absence in June 1973. He retired on July 7, 1973.

The relevant question is what caused the employee to retire rather than return to work in July 1973. The employee testified that his shoulder was worse and he knew that he could not perform his former duties. Dr. Linscheid's examination and report of January 24, 1974, and depositional testimony lent expert medical evidence to his allegation. The employer offered no contrary medical testimony. Its only effort to show that the employee was not totally disabled was to show that parking meters could be emptied with one hand. The demonstrator indicated that this could be done with some difficulty.

After a careful review of the record and the transcript, this court de-

termines that the decision of the Workers' Compensation Board is based on findings of fact which are supported by substantial evidence.

Affirmed.

OTIS, JUSTICE (dissenting).

The relator, the city of Rochester, seeks review of a decision of the Workers' Compensation Board affirming a decision of Compensation Judge John H. Combs and awarding the city's former employee, John W. Murphy, benefits for permanent and total disability.

On August 11, 1967, while working for Rochester and in the course of his employment, Murphy injured his right shoulder and arm. That injury resulted in a nine-week total disability. After the injury, Murphy was assigned to the city's parking meter department. While assigned to the parking meter department, Murphy occasionally worked at the city scales. While working at the city scales on May 15, 1970, and in the course of his employment, Murphy again injured his right shoulder and arm. The reinjury in 1970 resulted in a four-day total disability. The two injuries resulted in a 45-percent permanent partial disability to the right arm.

After recuperating from the second injury, Murphy returned to the meter department where he worked until November 14, 1972, which was his last day of work, before he retired on July 7, 1973, at about 64 years of age. He took a medical leave of absence in December 1972 and did not return to work after its termination in June 1973. Murphy retired, according to his own testimony, because he "figured [he] had to" since, even though he never asked anyone, he did not think the city of Rochester had any work he could do.

He testified at the hearing that he was unable to work in November 1972 solely because of the pain in his shoulder. Yet his statements to his employer by phone and by letter, and the statements by his doctors attributed his absences, and the need for a leave of absence, to respiratory and stomach problems completely unrelated to his employment.

He admitted that he didn't bother to ask the city of Rochester, let alone any other potential employer, if they had work for him. Murphy's own medical witness, Dr. Linscheid, stopped short of offering an opinion that Murphy was totally disabled. He simply said that he did not think Murphy capable of "significant" use of the shoulder in a manual occupation. At most, Dr. Linscheid felt that the injury was a 45% disability of one shoulder and stated that Murphy could probably do some type of manual work, perhaps even his job as meter man, although that particular work might tire him quickly. In my opinion such testimony

does not support a finding of total and permanent disability and I would reverse.